UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURIE BEARDSLEY,

    Plaintiff,

Case No. 13-cv-12954

v.

HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                              /

**ORDER ADOPTING REPORT AND RECOMMENDATION**
(document no. 12)**, GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT** (document no. 10)**, DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT** (document no. 11)**, AND REMANDING CASE**

    The Social Security Administration ("SSA") denied Plaintiff and claimant Laurie Beardsley's application for disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ") on March 7, 2012. *See* ALJ Decision, ECF No. 9-2, at 22. After the SSA Appeals Council declined to review the decision, Beardsley appealed to this Court. The Court referred the matter to a United States Magistrate Judge, and the parties filed cross motions for summary judgment. On May 31, 2014, the magistrate judge issued a Report and Recommendation ("Report") suggesting the Court grant Beardsley's motion and deny the Commissioner of Social Security's ("Commissioner") motion, and remand the case. Report, ECF No. 12.

    When considering the application, the ALJ found that Beardsley had not engaged in substantial gainful activity since her alleged onset date. *Id.* at 10 (citing ALJ Decision at 3). The ALJ found that Beardsley had bipolar disorder, generalized anxiety disorder, panic disorder without agoraphobia, migraine headaches, irritable bowel syndrome, and alcohol abuse, and that those conditions were severe; the ALJ also found that Beardsley had back

pain, but that this condition was not severe. In applying the five-step disability analysis, the ALJ found that these conditions did not meet or equal a listing in the Social Security regulations. *Id.* The ALJ also found that Beardsley retained the capability to perform a restricted range of light work, but limited to work that did not include climbing ladders, ropes or scaffolds, performing repetitive bending and twisting at the waist level, or lifting from the floor to waste level; limited to work involving simple, routine, and repetitive tasks, involving simple work related decisions with few, if any, work place changes; and limited to work involving only occasional interaction with coworkers, supervision, and the public. The ALJ found that Beardsley was capable of performing past relevant work as a production assembler and general inspector. Consequently, the ALJ found Beardsley was not entitled to benefits. *Id.* at 9-12 (citing ALJ Decision at 4-10).

After examining the pleadings and the administrative record, the Report concluded that the ALJ failed to properly discuss the medical evidence of record, including Beardsley's April 2011 treatment note. Report at 14. The Report acknowledged that the ALJ was not required to discuss every record, but noted that the ALJ may not selectively discuss those records that support his conclusion while ignoring other significant pieces of evidence that detract from the conclusion. *Id.* (citing *Feigenbaum v. Comm'r of Soc. Sec. Admin.*, No. 12-2605, 2014 WL 201483, at *7 (N.D. Ohio Jan. 17, 2014)). The Report pointed out that the treatment note should have been compared to that of Dr. Mulder's opinion in particular. While correctly noting that Dr. Mulder found that the "claimant's prognosis for becoming gainfully employed in simple, unskilled work was guarded pending her compliance with psychiatric treatment," the ALJ erred by failing to discuss how, if at all, the treatment note regarding Beardsley's substantial regression impacted his interpretation of that "guarded"

opinion. *Id.* at 14-15 (citing ALJ Decision at 8; Administrative Record ["A.R."] at 278, ECF No. 9). The Report concluded that by failing to properly discuss Beardsley's April 2011 treatment note, the ALJ ignored evidence that have reasonably refuted the conclusion that Beardsley was stabilized or had improved, and that the Report could not adequately review the ALJ's reasons for assigning the residual functional capacity he did as a result. *Id.* at 15.

The Report also found that the ALJ erred in not discussing the opinions given by Beardsley's treating physician, Dr. Thebert, regarding Beardsley's ability to work. *Id.* at 15. The Report notes that the ALJ must give good reasons, supported by substantial evidence in the record, for the ultimate weight given to a treating source opinion, if the ALJ does not give the treating physician's opinion controlling weight. *Id.* (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F3d 399, 406 (6th Cir. 2009); 20 C.F.R. § 404.1527(d)(2)). The Report found that the ALJ addressed some of Dr. Thebert's opinions, but failed to address Dr. Thebert's opinion that Beardsley was unable to return to work and would likely be unable to return in the future due to her chronic illness. *Id.* at 16. The Report concluded that because the ALJ did not consider Dr. Thebert's opinion properly and failed to consider Beardsley's April 2011 treatment note, his opinion is not supported by substantial evidence of record. *Id.* Accordingly, the Report suggested remand. *Id.*[1]

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation.

---

[1] The Report also correctly took notice of the fact that Beardsley's brief, filed by counsel Richard Doud, was near-deficient, that the arguments presented were, "at best, skeletal in nature, and at worst, nonexistent," and that other judges on the court have warned Doud about the deficient nature of his briefs. Report at 13-14. The Court will repeat the warning. *See Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, at *1 n.1 (E.D. Mich. Mar. 24, 2014) ("reliance on conclusory assertions and absence of developed argument has become the calling card of Plaintiff's counsel in a number of recent Social Security cases, and nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel").

De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, grant Beardsley's motion for summary judgment, deny the Commissioner's motion for summary judgment, and remand the case for proceedings not inconsistent with this opinion.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Beardsley's motion for summary judgment (document no. 10) is **GRANTED**. This matter is **REMANDED** to the Commissioner for proceedings not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (document no. 12) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 11) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 8, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 8, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager